**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**CHARLES CAMAROTO,**

    **Plaintiff,**

-vs-                **Case No. 6:08-cv-266-Orl-19DAB**

**STATE WIDE PROSECUTOR,
OFFICE OF THE INSPECTOR GENERAL,
FEDERAL BUREAU OF INVESTIGATIONS,
U.S. POSTMASTER, BUSHNELL DIVISION,
UNITED STATES POSTMASTER GENERAL**

    **Defendants.**
_____

# ORDER

  This case comes before the Court *sua sponte*. Plaintiff Charles Camaroto initiated this action by filing a "Motion for Amicus Curiae for Senator Evelyn Lynn." (Doc. No. 1, filed Feb. 21, 2008). The document has been construed as a complaint.

  Plaintiff states that he is a "third party" to this matter. (*Id.* at 2.) According to Plaintiff, someone stole "certified legal mail belonging to a Florida State senator (Ms. Evelyn Lynn)." (*Id.*) Plaintiff requests that the Court issue an arrest warrant and hold a hearing. (*Id.* at 3.)

  Plaintiff's Complaint suffers from two jurisdictional defects. First, subject matter jurisdiction must be affirmatively shown in the record before considering the merits of any case. *E.g.*, *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). The party asserting federal subject matter jurisdiction bears the burden of proving its existence. *Id.* In an ordinary civil action, the Federal Rules of Civil Procedure require a party to file "a short and plain statement of the grounds for the court's jurisdiction. . . ." Fed. R. Civ. P. 8(a)(1). Plaintiff does not

state a basis for the Court to exercise subject matter jurisdiction over this matter. Moreover, the Court cannot infer the existence of subject matter jurisdiction from the facts in the Complaint. Plaintiff does not reference an issue of federal law sufficient to raise a federal question, *see* 28 U.S.C. § 1331 (2006), nor does Plaintiff allege diversity of citizenship. *See* 28 U.S.C. § 1332.

Similar to the issue of subject matter jurisdiction, the Court must determine whether Plaintiff has standing to bring suit before proceeding to the merits of his claim. *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005); *E.F. Hutton & Co. v. Hadley*, 901 F.2d 979, 984-85 (11th Cir. 1990). To show standing, Plaintiff must satisfy a two-part test. *Hadley*, 901 F.2d at 984. First, Plaintiff must satisfy the constitutional requirements of standing by demonstrating that (1) he suffered an actual injury, (2) the injury is traceable to Defendants' unlawful conduct, and (3) the requested relief will redress Plaintiff's injury. *Id.* Second, Plaintiff must overcome any applicable "prudential" considerations which discourage the court from considering cases involving (1) the assertion of a third party's rights, (2) allegations of generalized grievances rather than a injury particular to the litigant, and (3) the assertion of an injury outside the zone of interests of a statute or constitutional provision. *Id.* at 984-85.

As a practical matter, federal courts generally will not find standing where a party is asserting a third-party's rights. *Hadley*, 901 F.2d at 985. In such cases, the plaintiff must demonstrate why the injured person is unable to bring a suit on her own behalf. *See*, *e.g.*, *Kowalski v. Tesmer*, 543 U.S. 125, 129-30 (2004); *Barrows v. Jackson*, 346 U.S. 249, 258 (1953). Plaintiff has not explained why Senator Lynn is unable to assert her own rights. Nor has Plaintiff sufficiently alleged his own injury. Plaintiff states that the stolen mail has caused "injury to this petitioner" and "the people of the state of Florida." However, "generalized grievances" do not qualify as an injury

for purposes of demonstrating standing. *Hadley*, 901 F.2d at 984-85. Accordingly, the Complaint does not allege facts sufficient to confer Plaintiff with standing.

The Court also notes that the Complaint is generally incoherent and lacks complete sentences. Furthermore, there are no numbered paragraphs or discernible legal claims. In fact, aside from the Complaint's caption, there is no way to tell who the Defendants are and what they have allegedly done. Plaintiff should be aware of the pleading requirements of Federal Rules of Civil Procedure 8(a), 8(e), and 10(b) should he choose to file an Amended Complaint.

The Motion for Amicus Curiae (Doc. No. 1, filed Feb. 21, 2008), which has been construed as a Complaint, is dismissed without prejudice. Plaintiff has ten (10) days from the date of this Order to file an Amended Complaint which is consistent with this Order. Failure to comply with this Order may result in dismissal with prejudice and without further warning.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on February 27, 2008.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Unrepresented Party